## CIRCUIT COURT OF THE CITY OF SALEM

Anonymous

   v.

Virginia Department
of Social Services

April 21, 2004

Case No. CH03-24

BY JUDGE ROBERT P. DOHERTY, JR.

This is the appeal of an administrative decision wherein a Virginia Department of Social Services (DSS) Hearing Officer sustained the disposition of "Founded Sexual Molestation, Level 1," against the Petitioner. Petitioner challenges the sufficiency of the evidence claiming that it does not rise to the clear and convincing level as required by the Virginia Administrative Code and that it may not even be sufficient to reach the preponderance of the evidence standard. He also argues that the procedure for appeal of a DSS finding is unconstitutional because the entire process involves reviews by DSS employees who are not independent, who owe their allegiance to their department or to their co-workers, and who therefore are not able to provide a meaningful and unbiased review of the case. Respondent DSS disputes Petitioner's claims. Both parties made oral arguments and presented written arguments and authorities. The Court finds in favor of the Respondent DSS.

*Standard of Proof*

A judge of this Court previously ruled that the record in this case contained substantial evidence upon which a disposition of "Founded Sexual Molestation, Level 1,"could be made based upon a preponderance of the evidence standard, but remanded the matter to the hearing officer to

determine if the same finding could be made by a clear and convincing evidence standard. The controversy over the level of proof required for the finding arose because Chapters 705 and 710 of Title 22 of the Virginia Administrative Code set forth two different evidentiary standards for making the decision that a complaint was "Founded." Upon remand, the hearing officer made a disposition of "Founded Sexual Molestation, Level 1," by clear and convincing evidence.

After that decision, but before the completion of this appeal, the Virginia Court of Appeals decided the question of which evidentiary standard applies. In the unreported case of *Ables v. Rivero*, 2003 Va. App. LEXIS 83, decided February 19, 2003, they ruled that the disposition of a "Founded" complaint must be made by a preponderance of the evidence standard. Being unable to cite an unreported case as precedent, this Court adopts the language and logic of that case and incorporates it by reference in this opinion letter. However, because this matter was remanded to decide which level of proof was necessary and because Petitioner appealed on this very issue, both standards of proof will be addressed. The Court now finds, pursuant to § 2.2-4027, Code of Virginia (1950), as amended, that the record in this case contains substantial evidence upon which a disposition of "Founded Sexual Molestation, Level 1," could be reasonably made by both the preponderance of the evidence standard and by the clear and convincing evidence standard. Accordingly, the Petitioner's appeal based on the sufficiency of the evidence is denied.

## Due Process

The next and final issue is the Petitioner's challenge to the constitutionality of the administrative hearing and appeal process that he claims denies him due process of law. The record in this case reveals that Petitioner was advised in advance of all hearing dates, that he appeared and called witnesses to testify for him, and that he also testified on his own behalf. He was given notice, a hearing, and an opportunity to be heard. He was afforded the fundamental fairness that due process requires. Insofar as procedural due process is concerned, the Virginia Court of Appeals has ruled that the challenged hearing and appeal procedures are constitutionally adequate. *Jackson v. W.*, 14 Va. App. 391, 406-13 (1992), and *Carter v. Gordon*, 28 Va. App. 133, 145-46 (1998). No constitutional violation having been found, Petitioner's appeal based on his claim of a denial of due process is denied.